GEORGE WATSON, Respondent, *v.* JOHN W. MCAULIFFE,
Appellant.

Second Department, March 9, 1917.

**Building contract construed — action for balance due under building contracts.**

Action to recover the balance due under building contracts.   Evidence examined, and *held*, that a judgment in favor of the plaintiff should be reversed unless he consents to the reduction of the verdict.

Contracts on the basis of costs plus a percentage of profit ordinarily do not extend the percentage to outside contracts, taken out of the builder's agreement by mutual consent, unless at the time such a profit is stipulated.

APPEAL by the defendant, John W. McAuliffe, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 26th day of July, 1916, upon the verdict of a jury rendered by direction of the court, both sides having moved for the direction of a verdict at the close of the case.

An appeal is also taken from an order entered in said clerk's office on the 19th day of August, 1916, denying defendant's motion for a new trial made upon the minutes, with notice of an intention to bring up for review an order entered in said clerk's office on the 10th day of April, 1916, denying defendant's motion for an itemized account of all expenses for material or labor paid or incurred by the plaintiff.

*John C. Prizer* [*J. Mayhew Wainwright* with him on the brief], for the appellant.

*Michael J. Tierney,* for the respondent.

PER CURIAM:

Under terms of these contracts the final payment was to be on the certificate of the architect. Here, because of non-completion of the work, the architect withheld his certificate. If the conference and agreement of October 29, 1915, be deemed a waiver of the certificate, then plaintiff should have performed and completed what was there detailed and estimated. Defendant is, therefore, entitled to a credit for $116.18 for details then arranged, plus replacing the columns. On the conflicting testimony, as to the columns, the quoin and other damage, we think this credit should be $500. Contracts on the basis of cost plus a percentage of profit ordinarily do not extend the percentage to outside contracts, taken out of the builder's agreement by mutual consent, unless at the time such a profit is stipulated. Here all the circumstances showed plaintiff's acquiescence in defendant's obtaining these minor items outside upon defendant's direct contracts. In every

statement rendered and all demands before suit, plaintiff correctly calculated his percentage on what he had himself obtained and performed through his subcontractors. Hence his percentage should now be based on $36,801.66 as stated in his account rendered. As thus modified, his recovery will be:

| | | |
|---|---:|---:|
| Balance unpaid......................... | $2,766 78 | |
| Percentage (8% on $36,801.66).......... | 2,944 12 | |
| | | $5,710 90 |
| Less minor items agreed October twenty-ninth.............................. | $116 18 | |
| Replacing columns, and other damage... | 500 00 | |
| | | 616 18 |
| Net recovery................ .................... | | $5,094 72 |
| Lessening the verdict by...................... | | $792 45 |

The judgment and orders are, therefore, reversed and a new trial is granted, costs to abide the event, unless within twenty days from the entry of this order plaintiff stipulate to reduce the amount of the verdict to $5,094.72, with interest, in which event the judgment as so modified, with the several orders appealed from, are affirmed, without costs of this appeal to either party.

JENKS, P. J., THOMAS, MILLS, RICH and PUTNAM, JJ., concurred.

Judgment and orders reversed and new trial granted, costs to abide the event, unless within twenty days from the entry of the order herein plaintiff stipulate to reduce the amount of the verdict to $5,094.72, with interest, in which event the judgment as so modified, and the orders, are affirmed, without costs of this appeal to either party.